FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 NOV 14  PM 2:47

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

PAMELA COLLINS ) Case No. 6:16-cv-1983-ORL-37-GJK
)
    Plaintiff )
)
v. )
)
EMAN BOUGHDADI and ST. MENA )
GROCERY, INC., a Florida Corporation )
)
    Defendants )
)

**COMPLAINT**
**INJUNCTIVE RELIEF DEMANDED**

Plaintiff, PAMELA COLLINS ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, EMAN BOUGHDADI and ST. MENA GROCERY, INC., a Florida corporation (hereinafter collectively the "Defendants") for Injunctive Relief, and attorney fees and costs (including but not limited to, court costs and expert fees), pursuant to the American Disability Act (ADA), 42 U.S.C. 121.81, et seq., and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C.§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181 et seq. based upon Defendants failure to remove physical barriers to access and violations of Title III of the ADA. *See also*, 28 U.S.C. 2201 and 2202.

2. Venue is proper to this Court, Orlando Division, pursuant to 28 U.S.C. §1391 (B) in that all events giving rise to the instant lawsuit occurred in Volusia County, Florida.

1

## PARTIES

3. Plaintiff, PAMELA COLLINS, a resident of the State of Florida, lives in Volusia County, is *sui juris* and suffers from a "qualified disability" as defined by the ADA. Defendant has a spinal injury, a leg amputation, and a partial foot amputation. For approximately 5 years, she has been required to traverse in a wheelchair, and is substantially limited to performing one or more major life activities including, but not limited to, walking, standing, grabbing, grasping, and/or pinching. Plaintiff uses a wheelchair for mobility purposes.

4. Defendant, EMAN BOUGHDADI, the owner and/or lessor of the real property and improvements which the Facility is situated and is the subject of this action (referred in this Complaint as the "Property".)

5. Defendant, ST. MENA GROCERY, INC., a Florida corporation, transacts business in the State of Florida and within this judicial district. It operates the business located at 301 S. Martin Luther King Jr. Blvd., Daytona Beach, Florida, referred to in this Complaint as the Facility, is the lessee and/or sub-lessee and operator of the real property and improvements which are the subject of this action.

6. Plaintiff personally visited the Facility on July 25, 2016 (Receipt reflects July 24, 2016), but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, privileges and accommodations offered therein, even though he would be classified as a "bona fide patron", because of her disabilities.

7. On the above-stated date, Plaintiff traveled to the Facility and Property as a Customer and encountered the barriers to access the Facility and Property further detailed in the instant Complaint, engaged those barriers, suffered legal ham and legal injury, and will continue to suffer such ham and injury as a result of the illegal barriers discussed below.

8. Plaintiff intends to visit the Facility and Property within six months, or sooner, as soon as the Facility and Property are accessible again.

## FACTUAL ALLEGATIONS AND CLAIMS

9. On July 28, 1990, Congress enacted the American with Disabilities Act, 42 U.S.C. §12101, et seq.

10. Congress found, among other things, that:

   i. some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older.

   ii. historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   iii. discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

   iv. individual with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory of architectural, transportation and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs or other opportunities, and;

   v. the existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §512101(a) (3), (5) and (9).

11. Congress explicitly stated that the purpose of the ADA was to:

    i.    Provide a clear and comprehensive national mandate for the elimination of discrimination against the individuals with disabilities;

    ii.    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities, and;

    iii.    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4),

12. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title II of the ADA was January 26, 1992, or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C.S §12181; 28 C.F.R. §36.508(a).

13. The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1993, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA, 29 C.F.R, Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 28, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less.) 42 U.S.C. §51281 et seq., and 28 C.F.R.§36.508(a).

15. The Facility must be, but is not, in compliance with the ADA and ADAAG. The Property must be, but is not, in compliance with the ADA and ADAAG.

16. Plaintiff has attempted to and has, to the extent possible, accessed the Facility and Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities and to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17. Plaintiff intends to visit the Facility and Property again in the very near future, as a customer, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those conditions and ADA violations more specifically set forth in this Complaint.

18. Defendants have discriminated against the Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exists at the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

19. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and precluded

and/or limited Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, which include:

**SCOPING REQUIREMENTS:**

a) The Facility and/or Property's designated and accessible parking spaces, i.e. location of parking spaces, are not in compliance with Sections 208.3 of the 2010 ADAAG. This violation made it difficult for Plaintiff to safely access the Facility and/or Property.

**BUILDING BLOCKS:**

b) The coolers, shelves, and counters located in the interior of the Property and/or Facility are over the maximum height allowed of 48 inches for unobstructed forward and/or side reach in violation of Sections 308.2, 308.3, and 904.3.2 of the 2010 ADAAG. This violation made it difficult for Plaintiff to properly transact business at the Property and/or Facility.

**ACCESSIBLE ROUTES:**

c) The Facility and/or Property lacks a proper ramp in violation of Sections 406.2, 406.3, and 406.4 of the 2010 ADAAG. This violation made it difficult for Plaintiff to safely access the Facility and/or Property.

d) The interior of the Facility and/or Property has walking surfaces with obstructions thus lacking a 36-inch clear width in violation of Section 403.5.1 of the 2010 ADAAG regulations. This violation made it difficult for Plaintiff to safely access the Facility and/or Property.

e) The restroom lacks proper door hardware in violation of Section 402.2.7 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to utilize restroom facilities.

f) The sink in the accessible restroom in the Facility and/or Property does not have proper hardware in violation of Section 402.2.7 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to utilize restroom facilities.

**GENERAL SITE AND BUILDING ELEMENTS:**

g) The Facility and/or Property has no sign or the sign is not properly painted in violation of Section 502.6 of the 2010 ADAAG. This violation made it difficult for Plaintiff to safely access the Facility and/or Property.

h) The Facility and/or Property has no access aisle in violation of Section 502.3, 502.3.2, 502.3.3 of the 2010 ADAAG. This violation made it difficult for Plaintiff to safely access the Facility and/or Property.

**PLUMBING ELEMENTS AND FACILITIES:**

i) The restroom in the Facility and/or Property lacks a rear wall grab bar and a side bar which is in violation of Section 604.5.1, 604.5.2 and 609 of the 2010 ADAAG. This violation made it difficult for Plaintiff to safely access the Facility and/or Property.

j) The Facility and/or Property restroom lacks proper flush control in violation of Sections 604.6 of the 2010 ADAAG. This made it difficult for Plaintiff to safety utilize the restroom facilities.

k) The Facility and/or Property restroom sink lacks proper insulation in violation of Sections 606.5 of the 2010 ADAAG. This made it difficult for Plaintiff to safety utilize the restroom facilities.

l) The restroom's mirror in the Facility and/or Property is in violation of Sections 603.3 of the 2010 ADAAG. This made it difficult for Plaintiff to utilize restroom facilities.

**COMMUNICATION ELEMENTS AND FEATURES:**

m) The Facility and/or Property lacks restrooms signage in compliance with Sections 703, 703.2.1, 703.6.1 and 703.7 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to locate accessible restroom facilities.

20. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and/or Property. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

21. All of the above violations are readily achievable to modify in order to bring the Facility and/or Property into compliance with the ADA.

22. The removal of the physical barriers and dangerous conditions present at the Facility and/or Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

23. Upon information and belief, the Facility and/or Property has been altered since 2010.

24. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed paragraph 18 can be applied to the 1991 ADAAG standards.

25. Plaintiff has attempted to gain access to the Facility and/or Property in his capacity as a customer, but because of his/her disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Facility and/or Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiffs disabilities, unless and until Defendants are compelled to remove unlawful barriers and conditions and comply with the ADA.

26. The removal of physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §1218(b)(2)(A); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

27. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth therein. The relief requested serves the public interest and the benefit to Plaintiff and the public Far outweigh any detriment to Defendants.

28. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of the instant action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C §§12205 and 12117. Pursuant to 42 U.S.C. §12188(a) this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove physical barriers to access and alter the subject Facility and Property to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award the Plaintiff his reasonable attorney's fees, litigation expenses and costs.

Respectfully submitted,

Dated: \_\_\_\_11/14\_\_\_\_, 2016

_____
Joe M. Quick, Esq.
Bar Number 0883794
Attorney for Plaintiff
Law Office of Joe M. Quick, Esq.
#316 1224 S. Peninsula Drive.
Daytona Beach, Florida 32118
Telephone: 386.212.3591
Email: JoeQuickEsq@gmail.com